UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SEVERSON,<br><br>Plaintiff,<br><br>v.<br><br>DUPI UNDERWRITING AGENCIES, B.V., ROTTERDAM, NETHERLANDS,<br><br>Defendant. | Case No. 24-cv-07914-TLT<br><br>**ORDER TO SHOW CAUSE FOR FAILURE TO SERVE FOREIGN DEFENDANT**<br><br>Re: Dkt. No. 11 |

On November 12, 2024, Plaintiff Michael Severson filed a complaint against Defendant DUPI Underwriting Agencies, B.V. ECF 1. Defendant is a foreign corporation located in Rotterdam, Netherlands. *Id.* ¶ 2. As of February 13, 2025, Plaintiff has not served the Defendant for 93 days. However, Plaintiff indicates that he has been in contact with Defendant and is currently conducting settlement discussions. *See* ECF 11, at 2. The Court notes that service by Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Service Convention") may be applicable here.

Federal Rule of Civil Procedure 4(m) requires that a plaintiff properly serve process on each defendant within 90 days of filing a complaint. Fed. R. Civ. P. 4(m). Where a defendant is not served within 90 days, the Court must dismiss the action without prejudice against the defendant or order that service be made within a specific time. *Id.* Rule 4(m) specifically exempts service on individuals in foreign countries pursuant to Rule 4(f) from the 90–day limit. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)."); *see also Lucas v. Natoli*, 936 F.2d 432, 432–33 (9th Cir.1991) ("The plain language of [Rule 4(m)] makes the [90]–day service provision inapplicable to service in a foreign country."). Rule 4(f) and 4(h)(2), in turn,

stipulate the requirements for service on corporations in foreign countries. *See* Fed. R. Civ. P. 4(f), 4(h)(2). Rule 4(f) does not impose any specific time limits. Fed. R. Civ. P. 4(f).

The lack of an explicit deadline under Rule 4(f) to complete service does not mean that a plaintiff has an unlimited amount of time to serve a foreign defendant. *Int'l Metaphysical Ministry, Inc. v. Schaefer*, No. C 18-4524 SBA, 2018 WL 10560778, at *2 (N.D. Cal. Nov. 21, 2018) (citing *Nylock Corp. V. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("Because district courts need to be able to control their dockets, . . . the amount of time allowed for foreign service is not unlimited.")). As a matter of its inherent authority to manage cases on its docket, a district court may set "a reasonable time limit for service in a foreign country . . . ." *Id.* (quoting *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015)). The failure to serve a defendant within the time set by a court may constitute grounds for failure to prosecute under Rule 41(b). *See, e.g.*, *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976).

**IT IS HEREBY ORDERED** that by no later than March 10, 2025, Plaintiff shall file proof of service. The Court **SETS** an initial case management conference for July 10, 2025, at 2 p.m.

**IT IS SO ORDERED.**

Dated: February 13, 2025

TRINA L. THOMPSON
United States District Judge

2